768 P.2d 1173

**In the Matter of a Member of the State Bar of Arizona, Michael Andrew MULHALL, Respondent.**

**No. SB–88–0018–D.**

Supreme Court of Arizona, In Banc.

Jan. 24, 1989.

CAMERON, Justice.

## I. JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona has recommended that the respondent, Michael Andrew Mulhall, be suspended from the practice of the law for 30 days. We have jurisdiction pursuant to Ariz.R.S.Ct. 53(e), 17A A.R.S.[1]

## II. FACTS

The complainant in this case retained respondent in June of 1981 to represent her in connection with physical injuries and property damage sustained in an automobile accident. Respondent quickly settled the property damage claim.

Respondent did not believe the complainant's injuries justified a large settlement. Many of the medical expenses she submitted were unrelated to the accident, and they totaled less than $1,000. Respondent informed complainant that he had not submitted her list of medical expenses to the insurance company because he believed that many of them had nothing to do with the accident.

Respondent was involved in moving his office in the spring of 1983, and in June, 1983, the statute of limitations ran on complainant's claim.

Complainant consulted another attorney and found out that the statute had run. Nevertheless, she met with respondent in July or August of 1983 and agreed to take a check for $3200 in settlement for her claim. Respondent bought a cashier's check with his own money. Respondent agreed to waive his contingency fee, but did not advise complainant that the settlement came from his own funds. Respondent also had the complainant sign a release in favor of the parties, the insurance company and the respondent.[2]

The complainant wrote a letter to the State Bar and the matter was assigned to

Michael Andrew Mulhall, Phoenix, pro se.

Beus, Gilbert, Wake & Morrill by Shawn K. Aiken, Phoenix, State Bar Counsel.

1. Because the events in this matter occurred prior to Arizona's adoption of the Model Rules of Professional Conduct, the matter is governed substantively by the Code of Professional Responsibility in effect at the time and governed procedurally by Rule 53, Ariz.R.S.Ct., adopted by this court in 1984.

2. We recognize this may be a violation of Disciplinary Rule 6–102.

Local Administrative Committee 5B. The Committee hearing took place in May of 1986. The only witnesses were the complainant and the respondent. The Local Administrative Committee found in part:

8. The personal injury claim of Complainant was of a minor nature, with medical bills and treatment totalling less than $800, and Complainant being completely discharged by her physician from treatment for accident injuries in slightly more than three weeks. No loss of wages was experienced as Complainant was not regularly employed.

9. Complainant was a female who had retired in 1982 from her principal lifetime endeavor in some aspect of the medical field. Complainant was very active in the Church Universal and Triumphant, the stated beliefs of which, coupled with the extralegal advice she would receive from other members of this organization, had a strong tendency to complicate the attorney-client relationship. On balance, the testimony of Complainant was most unspecific in areas where specificity would be expected, and most specific in areas where specificity would not be expected.

10. Respondent has not heretofore been the subject of disciplinary proceedings for professional misconduct as a lawyer.

11. Respondent's testimony was extremely candid in admitting the failure to observe the statute of limitations, and in admitting the facts concerning the payment of the settlement funds to Complainant. Respondent stated, by way of explanation and not excuse, that the calendar error was precipitated by his preoccupation with independent business activities which were not proving beneficial at that time, and two relocations of his office during the relevant period.

12. The amount of money received by Complainant for her personal injury claim was not unreasonable in light of the apparently minor injuries, and quite probably exceeded the net-after-fees-and-expenses cash recoverable had this case been tried before a reasonable trier of fact. Thus, Complainant was not mone-tarily prejudiced by the actions of Respondent.

## CONCLUSIONS OF LAW

1. The Committee concludes that the foregoing facts establish by clear and convincing evidence that Respondent violated rule 29(a), Rules of the Supreme Court and particularly DR 1-102(A)(4) [conduct involving dishonesty, fraud, deceit or misrepresentation] by failing to expressly and candidly discuss the then existent condition of the personal injury claim with Complainant at the time of the payment of funds to her. Fortuitously for Respondent, Complainant had, through another attorney, received the information that Respondent should have given her, and the Complainant, with this knowledge elected to accept the tendered funds rather than to exercise her right to try her personal injury claim in the context of a malpractice action against Respondent. This fortuitous sequence of events does not obviate the mishandling of the situation by Respondent, however.

2. The Committee concludes that there was no material prejudice to Complainant, the public or the legal system and accordingly concludes that there has been no violation of DR 7-101(A)(1) [failure to seek lawful objectives of client] or DR 7-101(A)(3) [prejudice or damage to the client].

3. The Committee further concludes that the 'catchall' violation of DR 1-102(A)(1) [violating a disciplinary rule] is inappropriate in view of its comments in Conclusion 1 above.

The Committee recommended an informal reprimand as the appropriate sanction.

The Disciplinary Commission adopted the Local Administrative Committee's findings of fact as set forth in its report with one minor, irrelevant exception. The Commission also adopted the Administrative Committee's Conclusions of Law No. 1, but rejected the Committee's Conclusions of Law Nos. 2 and 3 stating:

(2) There was material prejudice to the complainant, the public and the legal system as a result of respondent's actions.

(3) Respondent failed to advise his client to seek independent counsel before entering into an agreement, settlement and release and that he had a duty to do so.

(4) There was a violation of Sup.Ct. Rule 29(a), Code of Professional Responsibility, DR 7–101(A)(1) [failure to seek lawful objectives of client] and (3) [damage to client].

The Commission also rejected the Local Administrative Committee's recommendation that the respondent be informally reprimanded and instead recommended that the respondent be suspended from the practice of law for a period of 30 days.

## III. DISCUSSION

We agree with both the Committee and the Commission that the respondent violated DR 1–102(A)(4) which reads:

Misconduct

(A) A lawyer shall not:

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

██ Respondent's negligence in allowing the statute of limitations to run may have been malpractice, but it was not an ethical violation. When, however, respondent discovered that the statute of limitations had run, he had a duty to inform his client. The client was entitled to know the source of the funds and should have been advised to confer with another attorney. Respondent by silence misrepresented the actual state of his client's affairs.

Even though the respondent paid the client what appears to be a fair and reasonable amount for her injuries, he failed in his obligation of candor to his client. This was an ethical violation and specifically a violation of DR 1–102(A)(4).

## IV. SANCTION

The Commission recommended that respondent should be suspended for 30 days.

██ Standards for Imposing Lawyer Sanctions states:

The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession.

ABA *Standards for Imposing Lawyer Sanctions*, Standard 1.1. (1986). The Standards state:

In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:

(a) the duty violated;

(b) the lawyer's mental state;

(c) the potential or actual injury caused by the lawyer's misconduct; and

(d) the existence of aggravating or mitigating factors.

ABA *Standards for Imposing Lawyer Sanctions*, Standard 3.0. (1986). Absence of a prior disciplinary record is also a mitigating circumstance. ABA *Standards for Imposing Lawyer Sanctions*, Standard 9.32(a) (1986).

In protecting the public, suspension is frequently necessary but as the commentary to the Standards note:

While the Standards for Lawyer Discipline currently provide for suspensions of less than six months, short-term suspensions with automatic reinstatement are not an effective means of protecting the public. If a lawyer's misconduct is serious enough to warrant a suspension from practice, the lawyer should not be reinstated until rehabilitation can be established.

\* \* \* \* \* \*

A six-month suspension is also necessary to protect clients. When shorter suspensions are imposed, lawyers can merely delay performing the requested services. If the lawyer eventually completes the work for the client and receives a fee, the suspension has only served to inconvenience the client. In reality, a short-term suspension functions as a fine on the lawyer, and fines

are prohibited by the Lawyer Standards (see Standard 6.14).

ABA *Standards for Imposing Lawyer Sanctions*, Standard 2.3. (1986).

■ In the instant case, we believe that the respondent should not be suspended for any period of time. Given the fact that respondent has an otherwise unblemished record and that there appears to be no indication that his future conduct will result in harm to his clients or to the public, we believe suspension is not justified and that the appropriate sanction is a public censure. Ariz.R.S.Ct. 52(a)(4), 17A A.R.S. In this we are supported by the standards:

> Reprimand [public censure] is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

ABA *Standards for Imposing Lawyer Sanctions*, Standards 2.5 and 5.13. (1986).[3]

The respondent is publicly censured and assessed costs in the amount of $1,273.05.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER, J., concur.

HOLOHAN, J., participated in this matter but retired prior to the filing of this opinion.

CORCORAN, J., did not participate in the determination of this matter.

---

**3.** Our rules provide for public censure as the more severe sanction to informal reprimand. *See* Ariz.R.S.Ct. 52(a)(4) and (5). The Standards refer to reprimand as "censure or public censure." ABA *Standards for Imposing Lawyer Sanctions*, Standard 2.5. This is the equivalent of our censure. The equivalent of our informal reprimand is "admonition, also known as private reprimand." Standard 2.6.