870 P.2d 402

**In the Matter of a Suspended Member of the State Bar of Arizona, John KOBASHI, Respondent.**

No. SB–94–0012–D.
Comm.No. 91–1721.

Supreme Court of Arizona.

March 8, 1994.

Judy L. Lindemuth, Phoenix, Bar Counsel.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that **JOHN KOBASHI,** a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of six months and one day for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **JOHN KOBASHI** shall pay the costs of these proceedings in the amount of $312.70.

### EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

### OF THE

### SUPREME COURT OF ARIZONA

Comm.No. 91–1721.

In the Matter of

JOHN KOBASHI, a Suspended Member of the State Bar of Arizona,

Respondent.

### DISCIPLINARY COMMISSION REPORT

[Filed Dec. 6, 1993]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on October 16, 1993, for review of the record on appeal, pursuant to Rule 53(d), R.Ariz. Sup.Ct. The Commission considered the Hearing Officer's recommendation of suspension. No objections to the Hearing Officer's recommendation were filed.

### Decision

By a concurrence of the eight Commissioners present,[1] the Commission adopts the recommendation of the Hearing Officer that Respondent be suspended for a period of six months and one day. The Commission also unanimously adopts the Hearing Officer's findings of fact and conclusions of law.

### Facts

The complaint in this matter details Respondent's failure to diligently pursue and handle a client's case. Respondent was retained to obtain financial compensation for the client, who had been injured in an automobile accident. Although he accepted representation, Respondent failed to file a lawsuit on behalf of the client prior to the expiration of the statute of limitations, and obtained no financial compensation. Respondent also failed to respond to the client's requests for information, and failed to return personal documents which belonged to the client.

Respondent has not participated in these disciplinary proceedings. The formal complaint was filed on April 30, 1993, and personally served upon Respondent on May 1, 1993. Respondent failed to respond to the complaint, which was deemed admitted.[2] Respondent was notified of his right to be heard in mitigation and, again, failed to respond. Respondent was notified of the opportunity to object to the Hearing Officer's report and to file a statement on review before the Commission. Respondent did not object, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees with the Hearing Officer that Respondent's conduct was in vio-

1. Commissioner Burlison did not participate in these proceedings.

2. Rule 53(c)(1)

lation of ER 1.1, ER 1.3, ER 1.4(a), ER 8.1(b), and Supreme Court Rule 51(h) and (i).

In determining the appropriate sanction, the Hearing Officer considered the American Bar Association's *Standards for Imposing Lawyer Sanctions* and prior decisions of the Court, both of which led him to conclude that suspension is the appropriate sanction. The Commission agrees with this analysis.

Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. In this instance, Respondent was retained specifically to obtain financial compensation for the client. Not only did Respondent fail to do so, but he failed to file a lawsuit before the expiration of the statute of limitations, thereby, apparently, precluding any future recompense for the client.

In a similar case, *In re Mulhall*, 159 Ariz. 528, 768 P.2d 1173 (1989), the respondent was censured for allowing the statute of limitations to run before filing the client's personal injury claim, and then failing to so inform the client. Although the underlying conduct is quite similar, Respondent Mulhall's subsequent conduct differs dramatically from that of Respondent. In this matter, Respondent never communicated with his client after failing to file suit, apparently made no effort to make his client whole, and did not participate in the disciplinary proceedings. In contrast, Respondent Mulhall not only paid his client what was considered a more than fair amount for the claim he failed to file, but he was also very cooperative and candid throughout the disciplinary proceedings. It is these subsequent actions which lead the Hearing Officer and the Commission to conclude that a more severe sanction is warranted here.

The Hearing Officer recommended that Respondent be suspended for six months and one day. Obviously, this recommendation was intended to ensure that Respondent's reinstatement would progress pursuant to Rule 71(h). This rule provides that reinstatement from a suspension of more than six months requires that the respondent demonstrate proof of rehabilitation. In addition to the underlying misconduct, Respondent violated his duty to uphold the self-regulation that is vital to the success of the disciplinary system. The Commission agrees that such conduct indicates that proof of rehabilitation should be required for reinstatement.

Upon consideration of the ABA Standards, Respondent's lack of respect for the disciplinary process, and a comparison of the conduct and sanction imposed in *Mulhall*, the Commission agrees with the Hearing Officer and recommends that Respondent be suspended for a period of six months and one day.

RESPECTFULLY SUBMITTED this **3rd** day of **December,** 1993.

/s/   Steven L. Bossé

Steven L. Bossé, Chairman

Disciplinary Commission